IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELYN C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-1142-C (BT) |
| | § | |
| NANCY A. BERRYHILL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jacquelyn C.[1] brings this action for judicial review of a final decision by the Commissioner of the Social Security Administration denying her claims for a period of disability and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the final decision of the Commissioner should be REVERSED, and this case should be REMANDED for further administrative proceedings.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments including: fibromyalgia, lumbar facet syndrome, attention deficit hyperactivity disorder, asthma, allergies, chronic back pain, bipolar disorder, sleep disorder, arthritis,

---

[1] Pursuant to a May 1, 2018 Memorandum Re: Privacy Concerns Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

1

anxiety, eczema, vitiligo, and depression. *See* Tr. 104-05. After Plaintiff's benefits application was denied initially and upon reconsideration, a hearing was held before an Administrative Law Judge (the "ALJ"). *See* Tr. 53. Plaintiff was 20 years old at the time of the hearing. *See* Tr. 53 & 104. Plaintiff attended high school through the 11th grade. *See* Tr. 230. She has never engaged in substantial gainful work activity. *See* Tr. 21 & 229.

The ALJ issued her decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act from her alleged onset date of December 2, 2013 through the date of her decision on November 30, 2015. *See* Tr. 21 & 30. Although the ALJ determined that Plaintiff had the following severe impairments: mechanical back pain, asthma, vitiligo, attention deficit hyperactivity disorder, affective disorder (bipolar disorder v. major depression), and anxiety disorder, *see* Tr. 21, the ALJ also determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. *See* Tr. 22.

The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") for the following: (1) occasionally lift and carry ten pounds and frequently lift less than ten pounds; (2) stand and walk for two hours in an eight hour workday; (3) sit for six hours in an eight hour workday; and (4) push and pull in the amount of weight given. *See* Tr. 23. The ALJ determined that Plaintiff

was required to work in a climate-controlled environment with no extremes of temperature due to her asthma. *See* Tr. 23. The ALJ further determined that, despite her mental impairments, Plaintiff could understand, remember, and carry out simple instructions, make simple decisions, concentrate on simple tasks for extended periods, respond appropriately to changes in routine work settings, and interact occasionally with supervisors and coworkers, but she could not work directly with the public. *See* Tr. 23.

Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *See* Tr. 28. The ALJ concluded that, although Plaintiff's ability to perform all or substantially all of the requirements of the full range of sedentary work has been impeded by additional limitations, Plaintiff could perform the requirements of sedentary and unskilled jobs with a specific vocational preparation of SVP of 2, such as an addresser, final assembler, and surveillance systems monitor. *See* Tr. 29.

Plaintiff appealed the ALJ's decision to the Appeals Council, and the Appeals Council affirmed the ALJ's decision. *See* Tr. 1. Plaintiff then filed this action in the federal district court. *See* Compl. [ECF No. 1].

**Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d

3

558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of

proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564.  Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized.  *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

5

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## Analysis

Plaintiff appeals the final decision of the Commissioner on the following grounds:

(1) the ALJ's RFC finding is not supported by substantial evidence; and

> (2) the Appeals Council's failure to consider "new and material" evidence warrants a remand.

*See* Pl.'s Br. 1. As discussed herein, the Court finds that this case should be reversed on the second ground.

If an ALJ issues an unfavorable decision, the claimant can appeal the decision to the Appeals Council. *See* 20 C.F.R. § 416.1479. The Appeals Council will review a case where: (1) the ALJ appears to have abused his discretion; (2) there was an error of law; (3) the ALJ's action, findings, or conclusions are not supported by substantial evidence; (4) there is a broad policy or procedural issue that can affect the general public interest; or (5) the Appeals Council receives new and material evidence pertaining to the period on or before the date of the hearing decision, and there is a reasonable probability that the evidence could change the outcome. *See* 20 C.F.R. § 416.1470(a). If the Appeals Council does not find one of these grounds, it can deny the claimant's request for review. *See Nejmeh v. Colvin*, 2016 WL 642518, at *2 (N.D. Tex. Feb. 18, 2016) (citing *Sun v. Colvin*, 793 F.3d 502, 511-12 (5th Cir. 2015); 20 C.F.R. § 404.970(b)).

"In deciding whether to deny a claimant's request for review, the [Appeals Council] must consider and evaluate any 'new and material evidence' that is submitted if it relates to the period on or before the ALJ's decision." *Nejmeh*, 2016 WL 642518, at *2 (citing *Sun*, 793 F.3d at 511-12). "For new evidence to be material, there must exist the 'reasonable possibility that it would have changed

7

the outcome of the [Commissioner's] determination.'" *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). "Although '[t]he regulations do not require the [Appeals Council] to provide a discussion of the newly submitted evidence or give reasons for denying review,' in some instances remand [is] necessary if it is unclear whether the [Appeals Council] evaluated the new evidence." *Nejmeh*, 2016 WL 642518, at *2 (citing *Sun*, 793 F.3d at 512).

Here, Plaintiff states that she submitted "new and material" evidence to the Appeals Council in the form of an opinion from her treating psychologist, Dr. Kathryn Sickorez. However, the Appeals Council rejected the new evidence in a standard form denial. *See* Pl.'s Br. 8; Tr. 1-5.  Plaintiff argues that, while the Appeals Council stated in its denial that it found no basis for changing the ALJ's decision, it did not discuss the new evidence. *See* Pl.'s Br. 9. Plaintiff argues that the new evidence is significant, because Dr. Sickorez's opinion affirms the opinion of the consultative examining psychologist, Dr. Ann K. Lange, that severe mental impairments limited Plaintiff's ability to complete tasks in a timely manner and cope with stress. *See* Pl.'s Br. 10; Tr. 302-05, 717-23. Plaintiff argues that the ALJ essentially ignored Dr. Lange's medical opinion regarding these mental limitations, while at the same time acknowledging that Plaintiff had severe mental impairments of attention deficit hyperactivity disorder, affective disorder (bipolar disorder v. major depression), and anxiety. *See* Pl.'s Br. 10; Tr.

8

21, 23-28. Plaintiff argues that the new evidence contradicts the ALJ's determination that Plaintiff can perform sustained work activity, because the evidence in the record supports a finding that Plaintiff could not perform basic work activities on a sustained basis due to her significant mental limitations, as well as excessive absences that would not be tolerated in a competitive work environment. *See* Pl.'s Br. 10; Tr. 76, 302-05.

As discussed, the Appeals Council is required to "consider and evaluate any 'new and material evidence' that is submitted if it relates to the period on or before the ALJ's decision." *Nejmeh*, 2016 WL 642518, at *2 (citing *Sun*, 793 F.3d at 511-12). In this case, the ALJ issued her decision on November 30, 2015. *See* Tr. 30. Dr. Sickorez signed the Medical Assessment of Ability to Do Work-Related Activities (Mental) on December 21, 2015. *See* Tr. 302-04. The medical assessment instructs the medical provider to give an assessment based on the provider's examination(s) of how Plaintiff's mental capabilities were affected by impairments in order to determine her ability to perform work-related activities on a day to day basis in a regular work environment. *See* Tr. 302. The provider is also instructed to consider Plaintiff's medical history, the chronicity of the findings (or lack thereof), and the expected duration of any work-related limitations. *See* Tr. 302.

In this case, the December 2015 Medical Assessment by Dr. Sickorez raises questions as to the ALJ's finding that Plaintiff was able to mentally perform work

9

on a sustained basis. Dr. Sickorez found that Plaintiff had a substantial loss in her ability to: (1) apply commonsense understanding to carry out simple one or two-step instructions; (2) maintain concentration for an extended period of two hours; (3) maintain attention/stay on task for an extended period of two hours; (4) act appropriately with the general public; (5) make simple work-related decisions; (6) ask simple questions or request assistance; (7) get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; (8) maintain personal appearance; and (9) respond appropriately to changes in a routine work setting. *See* Tr. 302-03.

Dr. Sickorez also found that Plaintiff had an extreme loss in her ability to: (1) apply commonsense understanding to carry out detailed but uninvolved written or oral instructions; (2) demonstrate reliability by maintaining regular attendance and being punctual within customary tolerances; (3) perform at a consistent pace without an unreasonable number and length of rest periods/breaks; (4) accept instructions and respond appropriately to criticism from supervisors; (5) behave in an emotionally stable manner; (6) cope with normal work stress (even those inherent in low stress jobs) without exacerbating pathologically based symptoms; and (7) finish a normal work week without interruption from psychologically based symptoms. *See* Tr. 302-03. Dr. Sickorez also concluded that Plaintiff would miss more than 4 days of work per month. *See* Tr. 304.

Dr. Sickorez's findings conflict with the ALJ's RFC finding that Plaintiff could "understand, remember and carry out simple instructions, make simple decisions, concentrate on simple tasks for extended periods, respond appropriately to changes in routine work setting, [] interact occasionally with supervisors and coworkers," and maintain full time employment. *See* Tr. 23. Furthermore, as Plaintiff argues, Dr. Sickorez's opinion supports the opinion of the consultative examining psychologist, Dr. Lange, who found that Plaintiff's mental impairments limited Plaintiff's ability to complete tasks in a timely manner and cope with stress. *See* Pl.'s Br. 10; Tr. 720-21.

The Commissioner argues that, although Plaintiff identifies Dr. Sickorez as her "treating psychologist," there is no evidence in the record that she "was Plaintiff's treating physician, or even saw Plaintiff, let alone treated Plaintiff." Def.'s Br. 3. The Commissioner argues that Plaintiff failed to cite an instance where Dr. Sickorez ever treated or saw Plaintiff, and that in accordance with the regulations, a physician who evaluated a claimant on only two occasions does not qualify as a treating source. *See* Def.'s Br. 4 (citing 20 C.F.R. § 416.902). The Commissioner further argues that Nurse Starla Harrison, who also signed the post-hearing medical assessment, is not an acceptable medical source. *See* Def.'s Br. 4.

A letter submitted by Nurse Harrison with the medical assessment states that Plaintiff was receiving services at the Altshuler Clinic at Metrocare Services.

11

*See* Tr. 305. Therefore, despite the Commissioner's contention, it appears that Plaintiff had been receiving treatments from Dr. Sickorez and Nurse Harrison at the Altshuler Clinic during the time period on or before the ALJ's November 30, 2015 decision. Furthermore, the Commissioner points out numerous portions of the record showing Plaintiff was seen at the Altshuler Clinic by Nurse Harrison. *See* Def.'s Br. 4 (citing Tr. 714, 854, 860, 861, 864, 865, 868, 869, 871, 874, 872, 875, 879, 880, 884, 885, 886). While the Commissioner argues that Nurse Harrison is not an acceptable medical source, Dr. Sickorez, whom Plaintiff represents to the Court as being her treating psychologist, is an acceptable medical source. Dr. Sickorez also signed off on the medical assessment. It appears to the Court from Plaintiff's submissions that Nurse Harrison works under the supervision of Dr. Sickorez.

     The Commissioner argues that Nurse Harrison's treatment notes contradict the limitations set forth in the medical assessment in that Nurse Harrison consistently recorded Plaintiff as having denied psychosis and suicidal intentions, when the medical assessment found that Plaintiff had paranoia, hallucinations, or suicidal thoughts that severely affected Plaintiff's condition. *See* Def.'s Br. 4; Tr. 303. As discussed, the Appeals Council does not need to provide a discussion of new evidence, but "in some instances remand [may] be necessary if it is unclear whether the AC evaluated the new evidence." *Nejmeh*, 2016 WL 642518, at *2 (citing *Sun*, 793 F.3d at 512). This is such an instance.

12

Because the Appeals Council did not discuss the new evidence, other than by listing them in its exhibit, it is not clear to the Court whether the Appeals Council evaluated the conflicts discussed. After considering the entire record, the Court is not able to conclude that substantial evidence supports the final decision of the Commissioner. Although it may ultimately be determined after remand that the decision was correct, Dr. Sickorez's opinion is significant and casts doubt on the denial of Plaintiff's benefits. This evidence is material in that there is a "'reasonable possibility that it would have changed the outcome of the [Commissioner's] determination.'" *Latham*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney*, 659 F.2d at 679).

Despite the significance of Dr. Sickorez's opinion, "no fact finder has attempted to reconcile her report" with the ALJ's findings. *See Nejmeh*, 2016 WL 642518, at *3. "It is not the role of the Court to undertake such an assessment here." *See id*. Therefore, this case should be remanded for further administrative review. *See id*. (declining to accept magistrate judge's recommendation to affirm final decision of Commissioner where the district court was unable to determine whether the appeals council evaluated the new evidence). Because the Commissioner's decision should be reversed based on this ground, the Court pretermits consideration of the remaining ground for reversal as she can raise it upon remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## Recommendation

For the foregoing reasons, the final decision of the Commissioner should be REVERSED, and this case should be REMANDED for further proceedings consistent with these Findings, Conclusions, and Recommendation.

SO RECOMMENDED.

July 27, 2018.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).